UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SYLVESTER NEAL, III ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:23-CR-25-KAC-DCP-5 |
| ) | 3:25-CV-283-KAC-DCP |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### ORDER

On September 27, 2024, the Court sentenced Petitioner Sylvester Neal, III to 120 months' imprisonment for conspiracy to distribute and possess with the intent to distribute 400 grams or more of fentanyl and fifty (50) grams or more of methamphetamine [Doc. 215 at 1-2].[1] He did not file a direct appeal. But on June 18, 2025, he filed a pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [Doc. 245]. The United States responded [Doc. 4 (3:25-CV-283)]. And Petitioner replied [Doc. 5 (3:25-CV-283)]. For the reasons below, the Court **REFERS** Petitioner's ineffective assistance of counsel claim to United States Magistrate Judge Debra C. Poplin to conduct a hearing and file proposed findings of fact and recommendations for disposition. *See Rules Governing Section 2255 Proceedings in the United States District Courts* Rule 8(b). In addition, Judge Poplin **SHALL** appoint counsel to represent Petitioner at that hearing [Doc. 245 at 16].

---

[1] Unless otherwise noted, all citations to the record refer to the docket in Petitioner's criminal action, Case Number 3:23-CR-25-KAC-DCP-5.

## I. Factual Background

On September 27, 2024, the Court sentenced Petitioner to a statutory mandatory minimum sentence of 120 months' imprisonment [Doc. 215]. He did not file an appeal. Thereafter, Petitioner filed the instant Section 2255 Petition [*See* Doc. 245].

Petitioner raises one claim for ineffective assistance of counsel. Specifically, he alleges that he instructed his counsel to file a notice of appeal "After sentencing" [*Id.* at 3]. He alleges that counsel told him "there wasn't much, if anything, to appeal" and did not file a notice of appeal [*Id.* at 10, 13-14]. In response, the United States asserted that Petitioner's failure to repeat his instructions after being told there was "not much to appeal" called into doubt his desire to appeal [*See* Doc. 4 (3:25-CV-283) at 6]. Alternatively, the United States recommends "an evidentiary hearing 'to determine if Neal in fact expressed the desire for an appeal.'" [*Id.* (quotation omitted)].

## II. Analysis

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion to vacate, set aside, or correct his judgment of conviction and sentence, if he claims that the sentence was imposed in violation of the Constitution or laws of the United States or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). To obtain post-conviction relief under Section 2255, Petitioner bears the burden to show: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *See Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2004); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). A successful Section 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal" and show a "fundamental defect in the proceedings which

2

Case 3:23-cr-00025-KAC-DCP        Document 246        Filed 09/10/25        Page 2 of 5        PageID #: 1437

necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *See Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

The Rules Governing Section 2255 Proceedings in the United States District Courts provide the procedure for the Court's evaluation of a Section 2255 petition. Under Rule 8, after reviewing the answer and the record the Court determines whether an evidentiary hearing is required. *Rules Governing Section 2255 Proceedings in the United States District Courts* Rule 8. The Court need not hold an evidentiary hearing "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). But if the petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine*, 488 F.3d at 333); *see also Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012) ("Because the resolution of this factual issue is pivotal to [Petitioner's] claim for relief, the district court must conduct an evidentiary hearing.").

Here, Petitioner alleges that at some time "After sentencing," he "instructed counsel to file a notice of appeal" but counsel "replied that there wasn't much, if anything to appeal" [Doc. 245 at 3, 13]. And counsel ultimately did not file a notice of appeal [*See id.* at 14]. "[A]n attorney performs deficiently if, after consulting with his client, he 'disregards specific [timely] instructions' from his client 'to file a notice of appeal.'" *See Pola v. United States*, 778 F.3d 525, 533 (6th Cir. 2015) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). A Petitioner can show "prejudice" if "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at

3

483-84; *see also Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("The failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment.").

On this record, Petitioner has presented "a factual narrative of events that is neither contradicted by the record nor inherently incredible." *See Pola*, 778 F.3d at 532-33 (citations and quotations omitted). Petitioner asserts that at some time "After sentencing," he instructed counsel to file a notice of appeal and counsel failed to do so [Doc. 245 at 3, 10, 15]. If Petitioner timely made that request, he could be entitled to relief under the law. He is, therefore, entitled to an evidentiary hearing on his ineffective assistance of counsel claim. *See Huff*, 734 F.3d at 607. A hearing is necessary for the Court to assess whether Petitioner "in fact expressed the desire for an appeal as he now asserts," *see Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012), and whether he did so timely. Accordingly, the Court **REFERS** Petitioner's ineffective assistance of counsel claim to Judge Poplin, for an evidentiary hearing to determine whether Petitioner timely instructed his counsel to appeal.

### III. Conclusion

For the reasons above, the Court **REFERS** Petitioner's ineffective assistance of counsel claim to Judge Poplin to conduct a hearing and file proposed findings of fact and recommendations for disposition. *See Rules Governing Section 2255 Proceedings in the United States District Courts* Rule 8(b). Because "an evidentiary hearing is warranted," Petitioner is entitled to counsel. *See Rules Governing Section 2255 Proceedings in the United States District Courts* Rule 8(c). Accordingly, Judge Poplin **SHALL** appoint counsel to represent Petitioner.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge