UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SYLVESTER NEAL, III; | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:25-CV-283-KAC-DCP |
| | ) | 3:23-CR-25-KAC-DCP-5 |
| UNITED STATES OF AMERICA; | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Before the Court is United States Magistrate Judge Debra C. Poplin's August 31, 2026 "Report and Recommendation" ("Report")[Doc. 15[1]; 3:23-CR-25-KAC-DCP-5, Doc. 254]. Petitioner Sylvester Neal, III filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [Doc. 1; *see also* 3:23-CR-25-KAC-DCP-5, Doc. 245]. He raised one ineffective assistance of counsel claim based on counsel's purported failure to file a notice of appeal upon Petitioner's request [*See* Doc. 6 at 3-4]. The undersigned referred "Petitioner's ineffective assistance of counsel claim to Judge Poplin, for an evidentiary hearing to determine whether Petitioner timely instructed his counsel to appeal" and ordered that counsel be appointed [*Id.* at 4].

Judge Poplin appointed counsel and held an evidentiary hearing [*See* Docs. 7, 8, 12, 13]. She then issued the Report on August 31, 2026 [*See* Doc. 15; *see also* 3:23-CR-25-KAC-DCP-5, Doc. 254]. The Report recommends that the undersigned deny Petitioner's Motion [Doc. 15 at 1]. After two extensions of time to file any objection to the Report, [*see* Docs. 17, 19], Petitioner,

[1] Unless otherwise noted, all citations to the record refer to the docket in Petitioner's civil action, Case Number 3:25-CV-283.

through counsel, ultimately declined to file any objections, [*see* Doc. 20]. Instead, Petitioner indicated that he "[d]oes not wish to file objections to the Report" or "pursue the litigation any further" [Doc. 20 at 1]. But he did not withdraw the Motion. For its part, the United States did not file any objection. And the deadline to do so passed [*See* Doc. 15 at 23 n.8]. *See also* 28 U.S.C. § 636(b)(1).

To the extent that Petitioner has not already waived his right to any relief, after reviewing the record, the Court **ACCEPTS** and **ADOPTS** the Report [Doc. 15; 3:23-CR-25-KAC-DCP-5, Doc. 254] under 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59. Accordingly, the Court (1) **DENIES** Petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [Doc. 1; 3:23-CR-25-KAC-DCP-5, Doc. 245] and (2) and **DISMISSES** his civil action, Case Number 3:25-CV-283. An appropriate judgment will enter in the civil action.

Under Rule 11(a) of the *Rules Governing Section 2255 Proceedings*, upon entry of a final order adverse to a petitioner, the Court must "issue or deny a certificate of appealability." A certificate of appealability may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A "substantial showing" requires Petitioner to show that reasonable jurists would find that the Court's assessment of Petitioner's claim is "debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist would question the Court's analysis of Petitioner's claim. Accordingly, the Court **DENIES** a certificate of appealability. Further, any appeal of this Order would not be taken in good faith and would be totally frivolous. Therefore, under Federal Rule of Appellate Procedure 24, should Petitioner file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(3).

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge